IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

The Epicentre Strategic　　　　　　　　　　Case No. 3:04CV7467
Corporation – Michigan,

   Plaintiff,

v.　　　　　　　　　　　　　　　　　　　ORDER


Perrysburg Exempted Village
School District, et al.,

   Defendants.


  This is a suit by Epicentre Strategic Corp., the assignee of a creditor of C & R Masonry of Michigan (C & R). C & R performed masonry work on a new high school in Perrysburg, Ohio.

  Epicentre named three defendants in the suit: the architect, Fanning/Howey Associates, Inc.;[1] the project manager, Rudolph/Libbe, Inc.; and Perrysburg Exempted Village School District. Epicentre claims Rudolph/Libbe mismanaged the project, causing C & R to incur additional expenses. As C & R's assignee, Epicentre brings this commercial tort claim. Pending is Rudolph/Libbe's motion for summary judgment. For the following reasons, the motion shall be granted.

---

[1] Epicentre's claim against Fanning was dismissed under Fed. R. Civ. P 12(b)(6) per my March 18, 2005, order.

**Background**

In January 1996, Perrysburg School District contracted with Fanning/Howey for the construction of a new high school. The School District subsequently contracted with Rudolph/Libbe to provide construction management services for the project.

In November 1999, the School District solicited bids for various aspects of the construction. C & R Masonry submitted the lowest bid for the masonry work. The School District and C & R Masonry then entered into a contract for that work on February 4, 2000. Construction commenced shortly thereafter. The high school opened as scheduled in August 2001.

Before beginning work on the high school, C & R obtained financing from National Bank of Detroit (NBD), which later merged with BankOne Corporation. C & R granted NBD a security interest in some of its property as a condition of the loan. BankOne subsequently assigned its security interest to Plaintiff Epicentre, who asserts the present commercial tort claim against Rudolph/Libbe.

**Discussion**

Epicentre alleges Rudolph/Libbe negligently failed to perform its contractual obligations, resulting in significant losses to C & R and ultimately Epicentre.

Rudolph/Libbe has moved for summary judgment, alleging Epicentre lacks standing to pursue such a claim because C & R could not assign any claim it may have, or, if C & R could assign it, the purported assignment failed to reference the commercial tort claim with sufficient particularity. Because I find Epicentre's claim fails for either reason, Rudolph/Libbe's motion for summary judgment shall be granted.

**Assignability**

Epicentre alleges that BankOne assigned to it C & R's commercial tort claim arising out of the Perrysburg high school project under the "Assignment of Debt and Security Interest" dated March 9, 2004. (Doc. 58-5, at 3.)

Ohio law governs the instant case, and defines a commercial tort claim as follows:

> (13) "Commercial tort claim" means a claim arising in tort with respect to which:
> (a) The claimant is an organization; or
> (b) The claimant is an individual, and the claim:
> (i) Arose in the course of the claimant's business or profession; and
> (ii) Does not include damages arising out of personal injury to or the death of an individual.

(O.R.C. § 1309.102).

Prior to the 1999 revision of U.C.C. Article 9, a borrower could not grant a security interest in a commercial tort claim. Revised Article 9, which took effect July 1, 2001, permits security interests in a commercial tort claims, however the claim must exist when the borrower grants the security interest. O.R.C. 1309.204(B)(2).[2] Accordingly, the parties may not create a security interest in a commercial tort claim through an after-acquired property clause. *Id.*

Here, C & R entered into the Continuing Security Agreement with NBD on December 17, 1998.[3] The "Collateral" section of the agreement includes "Accounts Receivable, Inventory,

---

[2] The Official Comment section for § 9-108 states:
   Under Section 9-204, an after-acquired collateral clause in a security agreement will not reach future commercial tort claims. It follows that when an effective security agreement covering a commercial tort claim is entered into the claim already will exist. § 9-108, Official Comment 5.

[3] NBD Bank subsequently became part of BankOne Corp.

3

Equipment, [and] Instruments," and fails to mention any commercial tort claim. (Doc. 58-4, at 1.) C & R, moreover, did not submit a bid for the project's masonry work until nearly a year after signing the Continuing Security Agreement on December 15, 1999. Thus, at the time of the security agreement, C & R, and ultimately BankOne, had no commercial tort claim against Rudolph/Libbe

Because no commercial tort claim existed at the time of the security agreement, BankOne had no tort claim to assign Epicentre on March 9, 2004. Thus, Epicentre has no rights to C & R's commercial tort claim.

Further, C & R's security agreement with NBD did not describe the tort claim with sufficient particularity. O.R.C § 1309.108 (UCC §9-108) mandates that commercial tort claims be described with greater specificity than most other claims. Specifically, that section states "A description only by type of collateral . . . is an insufficient description of a commercial tort claim." O.R.C. § 1309.108(E)(1). "The reference to "*only* by type" in subsection (e) means that a description is sufficient if it . . . contains a descriptive component beyond the "type" alone." § 9-108, Comment 5. (emphasis author's own).

Notwithstanding the questionable significance of its timing and validity, the "Clarification of Continuing Security Agreement" dated July 18, 2005, purports to describe some sort of commercial tort claim. This Clarification, however, states only "C & R Masonry of Michigan hereby reaffirms and specifically grants Epicentre Strategic Corporation – Michigan, as successor in interest to the Bank, a security interest in any choses of action, whether in contract or in tort, including commercial tort actions, which Debtor could bring at law or in equity." (Doc. 58-6, at 1.) This description contains nothing beyond the mere type of claim, and is therefore insufficient under

4

O.R.C. § 1309.108(E)(1). Because Epicentre's claim fails for both of the above reasons, Rudolph/Libbe's motion for summary judgment shall be granted.[4]

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendant Rudolph/Libbe's motion to dismiss be, and the same hereby is, granted. Plaintiff must show cause by January 15, 2006 why its claims against the School District should not also be dismissed.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge

---

[4] This same logic would seem to apply to defendant Perrysburg School District. Plaintiff, therefore, must show cause by January 15, 2006 why its claims against the School District should not also be dismissed.